**Jackie COZART, Plaintiff–Appellant,**

v.

**Mike COLLINS, Individually and in his official capacity; Roxanne Stanley, individually and in her official capacity, Defendants–Appellees.**

No. 01–5118.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

Jackie Cozart, a Kentucky resident proceeding pro se, appeals a district court judgment dismissing her civil rights complaint filed under 42 U.S.C. § 1983, the Kentucky Civil Rights Act, and the common law tort of intentional infliction of emotional distress. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The background facts are adequately set forth in the district court's memorandum opinion and order and will not be repeated herein. Suffice it to say that this case arises from the strip search of Cozart on September 19, 1998, while Cozart was serving a 90–day sentence in the Henderson County Jail after pleading guilty to six counts of theft by deception. The search was ordered because it was reported that Cozart was a hermaphrodite. Cozart maintains that the search violated her constitutional rights, that the search constituted sexual harassment compensable under the Kentucky Civil Rights Act, and that, under the circumstances, the search adequately addresses the elements for recovery under the common law tort of intentional infliction of emotional distress. Cozart sought monetary relief against the defendants in their individual and official capacities. Cozart was represented by counsel in the district court. The district court granted the defendants motion for summary judgment after concluding that the defendants were entitled to qualified immunity. This timely appeal followed.

We affirm the district court's judgment for essentially the same reasons stated in that court's December 20, 2000, memorandum opinion and order. Because the doctrine of qualified immunity is a legal issue, its application by the district court is reviewed de novo. *See Summar ex rel. Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir.1998). Likewise, an appellate court's review of a grant of summary judgment is de novo. *See id.* Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affi-

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

davits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Our review of the summary judgment evidence reveals that the district court did not err. The district court properly concluded that a reasonable officer, with knowledge of all the facts, would have determined that "reasonable suspicion" existed to believe that Cozart possessed something which might endanger the security of the institution. *See Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Bell v. Wolfish,* 441 U.S. 520, 560, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Spear v. Sowders,* 71 F.3d 626, 630 (6th Cir.1995); *Masters v. Crouch,* 872 F.2d 1248, 1252 (6th Cir.1989). The officers made an investigation of claims which, if true, would have constituted a serious breach of institutional security. The claims were specific and addressed only Cozart. Information from two informants, both of whom had provided credible and accurate information to jail officials in the past, were documented in writing during the investigation. This information was supported by information given to other officers. No evidence exists in the record suggesting that either of the defendants knowingly violated Cozart's rights or that they were plainly incompetent as to their constitutional obligations. Further, any misleading statements about the court order authorizing the search does not elevate the situation presented here to the level of a constitutional violation as no court order was needed to conduct the search at issue.

■ Finally, the official immunity doctrine set forth in *Franklin County, Ky. v. Malone,* 957 S.W.2d 195 (Ky.1997) applies to shield the defendants from liability arising from Cozart's state law claims.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.